[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 481.]

OFFICE OF DISCIPLINARY COUNSEL *v.* MAZER.

[Cite as *Disciplinary Counsel v. Mazer*, 1996-Ohio-378.]

*Attorneys at law—Misconduct—Six-month suspension with sanction stayed on conditions—Failure to maintain client funds in an identifiable bank account—Conduct adversely reflecting on fitness to practice law—Representing a client knowing that his continued employment will result in a violation of a Disciplinary Rule—Accepting employment if the exercise of attorney's professional judgment on behalf of client will be affected by attorney's own financial, business, property, or personal interests.*

(No. 96-985—Submitted June 25, 1996—Decided August 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-72.

_____

{¶ 1} On January 24, 1996, the Office of Disciplinary Counsel ("relator") filed an amended complaint charging Bernard D. Mazer of Dublin, Ohio, Attorney Registration No. 0037775 ("respondent"), in  one count with violating DR 9-102(A)(failing to maintain client funds in an identifiable bank account) and 1-102(A)(6) (conduct adversely reflecting upon his fitness to practice law) and in a second count with violating DR 2-110(B)(2)(representing a client when he knows or it is obvious that his continued employment will result in a violation of a Disciplinary Rule) and 5-101(A) (accepting employment if the exercise of his professional judgment on behalf of his client will be affected by his own financial, business, property or personal interests).

{¶ 2} A hearing was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court "board" on January 26, 1996, at

which time the respondent stipulated to the following essential facts and presented evidence in mitigation. In 1990, respondent established a legal office as a sole practitioner and opened a client trust fund. In order to avoid collection of personal taxes which he owed to the Internal Revenue Service as a result of a prior business venture, respondent deposited both his personal and business funds in the trust account from March 1991 until April 1992, and in 1993 and 1994 he paid personal expenses from the trust account.

{¶ 3} In March 1994 respondent represented Michael Kusserow, a majority shareholder of Agency Management, Inc. ("AMI"), and Kusserow's parents in a personal injury action involving minor injuries to Kusserow and his mother and substantial injuries to Kusserow's father. In July 1994 respondent filed a Chapter 11 bankruptcy for AMI. AMI sought to employ respondent's firm as its counsel in the bankruptcy and respondent informed Kusserow that his firm was withdrawing from the personal injury case in order to prevent the appearance of a conflict of interest. On September 7, 1994, AMI filed an application for employment of respondent's law firm as attorneys for the debtor-in-possession in the bankruptcy stating to the court that the firm no longer represented any principals of AMI. Further, on or about this date, respondent sent a letter to Kusserow indicating that his firm was withdrawing from representation in the personal injury matter. However, after the application was filed and letter sent, respondent corresponded once in October and once in November with the opposing party in the personal injury action seeking to settle the matter, mentioning in the second letter that the respondent's firm was withdrawing from the representation of Kusserow.

{¶ 4} The respondent stipulated and the panel found that respondent had violated the Disciplinary Rules as charged. The respondent presented mitigating evidence that he was regarded as a capable and honest lawyer. He testified that while he was attempting to begin law practice as a sole practitioner, his wife was seriously ill and that he deposited needed personal funds into his client trust account

in order to prevent them from being attached by the IRS. However, he did not use any client funds for his own expenses. Respondent pointed out that when he wrote the letters regarding the Kusserow settlement subsequent to the bankruptcy filing, he was still representing the parents of Kusserow. Respondent also presented testimony that the bankruptcy judge who was hearing the AMI case was among the few who would preclude an attorney from representing both a small closely held company and its principal where there was no actual conflict of interest.

{¶ 5} The panel recommended that the respondent be suspended from the practice of law for six months with the suspension stayed on condition that respondent pay in full all IRS liabilities arising from the underlying mattters, attend a minimum of six hours of Continuing Legal Education classes dealing with law office management in addition to his normal CLE obligation, and that he be put on probation with the local bar association for a year or until the conditions are met, whichever is longer.

{¶ 6} The board adopted the findings of fact and conclusions of law of the panel, but deleted from the terms of the probation any requirement regarding payment to IRS.

---

*Geoffrey Stern*, Disciplinary Counsel, *Alvin Mathews* and *Stacy M. Solochek*, Assistant Disciplinary Counsel, for relator.

*Grady L. Pettigrew, Jr*. and *Laura Hauser Pfahl,* for respondent.

---

***Per Curiam.***

{¶ 7} We adopt the findings, conclusions and recommendation of the board. Respondent is hereby suspended from the practice of law for six months with the suspension stayed on condition that respondent attend a minimum of six hours of Continuing Legal Education classes dealing with law office management in addition to his normal CLE obligation, and that he be on probation with the local

bar association for a year or until the condition is met, whichever is longer.  Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

STRATTON, J., not participating.

_____