ERIE–HURON COUNTIES JOINT CERTIFIED GRIEVANCE COMMITTEE *v.* MILES.

[Cite as *Erie–Huron Counties Joint Certified Grievance
Commt. v. Miles* (1996), 76 Ohio St.3d 574.]

(No. 96–917—Submitted June 25, 1996—Decided October 2, 1996.)

*Dennis E. Murray, Jr.,* for relator.

*Geoffrey L. Oglesby,* for respondent.

---

*Per Curiam.* Canon 9 of our Code of Professional Responsibility requires the separation of client funds from those of the lawyer, not only to protect the client, but also to avoid even the appearance of impropriety. In the Shaw case the

lawyer mingled the client's funds with her own and in both the Shaw and Tonwes cases she failed to maintain complete records relating to her clients' funds. Moreover, respondent did not turn over funds to the Tonwes promptly when requested nor did she promptly and accurately account to either Shaw or the Tonwes for their funds and property in her possession.

It is possible that neither client suffered monetary damage as a result of respondent's lax attitude toward the client money in her control. Shaw's chiropractor was eventually paid, the Tonwes' property was eventually returned, and the respondent was subjected to a judgment in favor of the Tonwes for the $2,595 she owed to them. But the chiropractor was paid only after Shaw underwent the tribulation of an unnecessary lawsuit and complained to relator about respondent, and the Tonwes obtained a judgment against respondent only after a trial in the bankruptcy court.

The imposition on these clients was damage enough. But even if there were no damage caused by respondent's actions, we would be disinclined to relax our standards to the extent of imposing the one-year stayed suspension proposed by the board. We hold it of the utmost importance that attorneys maintain their personal and office accounts separate from their clients' accounts and that the violation of that rule warrants a substantial sanction whether or not the client has been harmed. To find otherwise would be to encourage speculation with clients' accounts.

We therefore adopt the findings and conclusions of the board, but direct that the respondent be suspended from the practice of law in Ohio for one year from the date of the announcement of this order. Costs taxed to respondent.

*Judgment accordingly.*

Moyer, C.J., Douglas, Resnick, F.E. Sweeney, Pfeifer and Stratton, JJ., concur.

Cook, J., dissents.

Cook, J., dissenting. According to the hearing panel, Miles secreted assets of convicted criminals; was reprimanded by a federal court for committing "defalcation while acting in a fiduciary capacity"; lied to the panel about paying Dr. Heilman, claiming that a basement flood destroyed the cancelled check; and refused to return the Lincoln Continental, arguing that it was payment for "legal fees," although the services she rendered were nonlegal. Moreover, Miles denied any wrongdoing other than a few bookkeeping errors.

I question whether the minimal sanction recommended by the panel members resulted from their troubling conclusion that "[t]his panel was not as impressed

with the Respondent's veracity as they were with her emotions."  The appropriately severe sanction is an indefinite suspension from the practice of law.