DAYTON BAR ASSOCIATION *v.* ROGERS.

[Cite as *Dayton Bar Assn. v. Rogers* (1999), 86 Ohio St.3d 25.]

(No. 98–2660—Submitted March 30, 1999—Decided June 16, 1999.)

*Diane L. Gentile,* for relator.

*James T. Ambrose,* for respondent.

---

**Per Curiam.** The evidence is conclusive that respondent commingled his funds with those of his clients in violation of DR 9–102(A). In a case of commingling that involved a loss to the client, we imposed an actual suspension. *Columbus Bar Assn. v. Brooks* (1996), 75 Ohio St.3d 524, 664 N.E.2d 900. In *Erie–Huron Counties Joint Certified Grievance Commt. v. Miles* (1996), 76 Ohio St.3d 574, 669 N.E.2d 831, where, in addition to commingling, the attorney failed to keep proper accounting records and return client funds when requested, we suspended him from the practice of law for one year. In a case where the lawyer deposited personal funds in his client trust account to avoid Internal Revenue Service collection procedures, we imposed a six-month suspension that was entirely stayed. *Disciplinary Counsel v. Mazer* (1996), 76 Ohio St.3d 481, 668 N.E.2d 478. Under the circumstances of this case, we adopt the recommendation of the board. Respondent is hereby suspended from the practice of law for one year, with the entire year stayed. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., dissents and would suspend respondent for one year, with six months stayed.