[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 25.]

DAYTON BAR ASSOCIATION *v.* ROGERS.

[Cite as *Dayton Bar Assn. v. Rogers*, 1999-Ohio-338.]

*Attorneys at law—Misconduct—One-year suspension with entire suspension stayed—Commingling own funds with clients' funds.*

(No. 98-2660—Submitted March 30, 1999—Decided June 16, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-43.

_____

{¶ 1} From May 9, 1995 through July 26, 1996, respondent, Richard H. Rogers of Dayton, Ohio, Attorney Registration No. 0017858, maintained a law office trust account in which he deposited personal funds for the purpose of accumulating money for his taxes. On June 3, 1998, relator, Dayton Bar Association, filed an amended complaint, which included a charge that respondent's conduct violated DR 9-102(A)(2) (client funds shall be deposited by a lawyer in a bank account in which no funds belonging to the lawyer are deposited).

{¶ 2} After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline ("board"). On the basis of its hearings and the stipulations of the parties, the panel found that from May 1995 through July 1996, respondent deposited his own funds in his client trust account and that he made withdrawals from that account for taxes and other personal expenses. The panel further found that, although respondent had other business accounts, he took this action because he was engaged in a divorce proceeding and wished to deposit money he intended to use for taxes in a fund that his second wife could not attach. The panel also found that when respondent commingled his personal and client funds, he maintained a positive balance in the account at all

times. The panel concluded that even though his clients' funds were never at risk, respondent violated DR 9-102(A). The panel recommended that respondent be suspended from the practice of law for one year and that the entire year of suspension be stayed. The board adopted the findings, conclusion, and recommendation of the panel.

————————————

*Diane L. Gentile*, for relator.

*James T. Ambrose*, for respondent.

————————————

**Per Curiam.**

**{¶ 3}** The evidence is conclusive that respondent commingled his funds with those of his clients in violation of DR 9-102(A). In a case of commingling that involved a loss to the client, we imposed an actual suspension. *Columbus Bar Assn. v. Brooks* (1996), 75 Ohio St.3d 524, 664 N.E.2d 900. In *Erie-Huron Counties Joint Certified Grievance Commt. v. Miles* (1996), 76 Ohio St.3d 574, 669 N.E.2d 831, where, in addition to commingling, the attorney failed to keep proper accounting records and return client funds when requested, we suspended him from the practice of law for one year. In a case where the lawyer deposited personal funds in his client trust account to avoid Internal Revenue Service collection procedures, we imposed a six-month suspension that was entirely stayed. *Disciplinary Counsel v. Mazer* (1996), 76 Ohio St.3d 481, 668 N.E.2d 478. Under the circumstances of this case, we adopt the recommendation of the board. Respondent is hereby suspended from the practice of law for one year, with the entire year stayed. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

2

MOYER, C.J., dissents and would suspend respondent for one year, with six months stayed.

_____