DISCIPLINARY COUNSEL *v.* MORGAN.

[Cite as *Disciplinary Counsel v. Morgan,*
114 Ohio St.3d 179, 2007-Ohio-3604.]

(No. 2007–0343—Submitted April 17, 2007—Decided July 18, 2007.)

---

**Per Curiam.**

{¶ 1} Respondent, Ronald Clark Morgan of Hamilton, Ohio, Attorney Registration No. 0032870, was admitted to the practice of law in Ohio in May 1966. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice law for two years, with one year stayed on conditions, based on findings that respondent commingled clients' funds with his own and failed to cooperate in the investigation of this misconduct. On review, we agree that respondent committed professional misconduct as found by the board and that a two-year suspension, with one year stayed, is appropriate.

{¶ 2} Relator, Disciplinary Counsel, charged respondent with professional misconduct in a two-count complaint. The board attempted to serve respondent with the complaint by certified mail at his address on file with the Attorney Registration Section and at the address on the complaint, but both mailings were returned unclaimed. The board thereafter perfected service through the clerk of the Supreme Court pursuant to Gov. Bar Rule V(11)(B) (clerk is agent for attorney who conceals his or her whereabouts).

{¶ 3} Respondent did not answer the complaint, and, under Gov.Bar R. V(6)(F), relator filed a motion for default. A master commissioner appointed by the board granted the motion, making findings of fact, conclusions of law, and a recommendation. The board adopted the findings of misconduct and the recommended sanction.

## Misconduct

### Count I—Commingling

{¶ 4} During the 2003–2005 attorney-registration biennium, respondent, then a sole practitioner, reported that he maintained an IOLTA (Interest on Lawyer's Trust Account) account. From January 2005 until the bank closed the account in January 2006, respondent made various deposits from unspecified sources into his IOLTA account. During the same period of time, he made 13 withdrawals from his IOLTA account, either through counter withdrawals or cash-out tickets, for a total of $8,619. He also wrote 29 checks totaling $2,154 on the account. Through his withdrawals and checks, respondent overdrew his IOLTA account 13 times in various amounts from May 2005 through January 2006, demonstrating that he used the account for purposes other than safekeeping client-entrusted funds.

{¶ 5} Under DR 9–102(A), a client trust account may contain only funds belonging to clients (excluding advances for costs or expenses), funds over which a dispute exists, and funds reasonably sufficient to pay bank charges. Because respondent kept funds in his IOLTA account other than those permitted by the rule, we agree with the board that respondent violated DR 9–102(A) and 1–102(A)(6) (prohibiting a lawyer from engaging in conduct adversely reflecting on the lawyer's fitness to practice law).

### Count Two—Failure to Cooperate in a Disciplinary Investigation

{¶ 6} After receiving notice of respondent's IOLTA account overdrafts, relator's investigator sent him two certified letters in June and July 2005 inquiring about the problem. Respondent received the letters but did not reply. Relator also subpoenaed respondent for an August 2005 appearance. Prior to the appearance date, the investigator spoke to and released respondent from the subpoena on the condition that respondent reply during the first week of September 2005 to the investigator's letters of inquiry. Respondent promised to respond but did not.

{¶ 7} The investigator issued a second subpoena for respondent to appear on a date in October 2005. Respondent did not appear, and the investigator later discovered that respondent's telephone had been disconnected. The investigator again wrote to respondent, but respondent did not reply. Respondent did call the investigator in December 2005 in reply to yet another of the investigator's letters and explained various hardships that had befallen him. Respondent promised to send a response to the investigator's inquiries within six days, but he did not.

{¶ 8} After yet another letter to which respondent did not reply, the investigator filed notice of intent to file a formal complaint, sending respondent notice of the filing.

{¶ 9} Because respondent repeatedly ignored investigative inquiries, we agree with the board that he violated Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in an investigation of professional misconduct).

### Sanction

{¶ 10} "[M]ishandling of clients' funds either by way of conversion, commingling, or just poor management, encompasses an area of the gravest concern of this court in reviewing claimed attorney misconduct." *Columbus Bar Assn. v. Thompson* (1982), 69 Ohio St.2d 667, 669, 23 O.O.3d 541, 433 N.E.2d 602. "[A]ttorneys [must] maintain their personal and office accounts separate from their clients' accounts * * *." *Erie–Huron Counties Joint Certified Grievance Commt. v. Miles* (1996), 76 Ohio St.3d 574, 577, 669 N.E.2d 831. Any violation of this rule "warrants a substantial sanction whether or not the client has been

harmed." Id. See, also, *Disciplinary Counsel v. Wise*, 108 Ohio St.3d 381, 2006-Ohio-1194, 843 N.E.2d 1198, ¶ 15.

{¶ 11} When a lawyer deposited his own funds in a client trust account to prevent his wife from attaching the funds during their divorce proceedings, we ordered a one-year suspension, all stayed, for that commingling. *Dayton Bar Assn. v. Rogers* (1999), 86 Ohio St.3d 25, 711 N.E.2d 222. Respondent violated the same duty in this case, but unlike the lawyer in *Rogers*, respondent removed rather than added funds to his client trust account, repeatedly placing his clients' funds directly at risk. Respondent also breached his duty to the legal profession with his protracted failure to respond to relator's requests for information. Together, this misconduct warrants a more stringent sanction than a stayed suspension.

{¶ 12} When imposing sanctions for attorney misconduct, we consider the ethical duties violated, the actual or potential injury caused, the attorney's mental state, and sanctions imposed in similar cases. *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 720 N.E.2d 525. Before making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Id. See, also, *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, and *Cleveland Bar Assn. v. Glatki* (2000), 88 Ohio St.3d 381, 726 N.E.2d 993.

{¶ 13} The board found that respondent had engaged in a pattern of misconduct by overdrawing his IOLTA account on multiple occasions and had failed to participate in the disciplinary proceedings, aggravating factors under BCGD Proc.Reg. 10(B)(1)(d) and (e). Because respondent did not participate, we have no mitigating evidence before us other than respondent's lack of a prior disciplinary record. We therefore accept the recommendation for a two-year suspension with one year stayed.

{¶ 14} Respondent is suspended from the practice of law in Ohio for two years. One year of the suspension is stayed, however, on the condition that respondent commit no further misconduct. If respondent violates this condition, the stay will be lifted, and respondent will serve the entire two-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., LUNDBERG STRATTON, O'DONNELL, LANZINGER and CUPP, JJ., concur.

PFEIFER, J., dissents and would indefinitely suspend respondent from the practice of law in Ohio.

O'CONNOR, J., dissents and would suspend respondent from the practice of law in Ohio for two years with no time stayed.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.