Disciplinary Counsel *v.* Vogtsberger.

[Cite as *Disciplinary Counsel v. Vogtsberger,*
119 Ohio St.3d 458, 2008-Ohio-4571.]

(No. 2008–0397—Submitted June 3, 2008—Decided September 17, 2008.)

Cupp, J.

{¶ 1} This court admitted respondent, Thomas H. Vogtsberger of Bowling Green, Ohio, Attorney Registration No. 0023305, to the practice of law in Ohio in 1975.

{¶ 2} The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent for a period of two years with one year stayed upon conditions. For the following reasons, we adopt the recommended sanction.

## Background

{¶ 3} Respondent was divorced in 2004, and the divorce led to financial obligations that he was unable to fulfill, which led to judgments against him totaling $60,000 to $70,000. Consequently, his business and personal bank accounts were garnished, so he closed them and began depositing his personal funds into his client-trust account to shield them from creditors.

{¶ 4} Respondent admitted in a deposition during the investigation by relator, Disciplinary Counsel, that he put the funds in his trust account to prevent any garnishment of the funds and that he knew that doing so was a misuse of his

trust account. Respondent described his actions as a "conscious decision in order to go forward * * * knowing it shouldn't have been done at the time."

{¶ 5} Respondent was suspended from the practice of law in May 2006 because of his failure to comply with Continuing Legal Education ("CLE") requirements. 109 Ohio St.3d 1464, 2006-Ohio-2403, 847 N.E.2d 443. He had been misusing his trust account since before his suspension, including at a time when client funds were in the account. In August 2007, relator filed a complaint against respondent alleging that by misusing his trust account, respondent had violated multiple Disciplinary Rules. Respondent failed to respond to the complaint, and relator filed a motion for default pursuant to Gov.Bar R. V(6)(F). The matter was referred to a master commissioner, who made findings of fact and conclusions of law and recommended a sanction.

{¶ 6} Consistent with the master commissioner's recommendation, the board found that respondent violated DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), 9–102(A) (all funds of clients paid to a lawyer shall be deposited into one or more identifiable bank accounts, and no funds belonging to the lawyer or the law firm shall be deposited therein), and 9–102(B) (a lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his clients). Also consistent with the master commissioner's recommendation, the board found that relator had failed to demonstrate by clear and convincing evidence that respondent violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) or 1–102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), and the board therefore recommends dismissal of the allegations related to those Disciplinary Rules. The master commissioner and board also recommend the dismissal of Gov.Bar R. V(4)(G) (no lawyer shall neglect or refuse to assist or testify in a disciplinary investigation or hearing).

{¶ 7} Relator filed objections to the board's report. Specifically, relator objects to the board's recommendation of dismissal of the allegations that respondent violated DR 1–102(A)(4) and 1–102(A)(5). Relator does not object to the board's recommended sanction—a two-year suspension with one year stayed upon conditions.

## Discussion

{¶ 8} In disciplinary cases, the Supreme Court renders the final determination of the facts and conclusions of law; we are not bound by the board's findings or conclusions. *Ohio State Bar Assn. v. Reid* (1999), 85 Ohio St.3d 327, 330, 708 N.E.2d 193. Upon review of the record, we agree with the board's determination that respondent's actions violated DR 1–102(A)(6), 9–102(A), and 9–102(B), but we

disagree with the board's determination that relator failed to prove that respondent's actions also constituted violations of DR 1–102(A)(4) and 1–102(A)(5).

{¶ 9} In a previous case, we found violations of DR 1–102(A)(4) and 1–102(A)(5) when an attorney deposited his personal funds into his trust account in an effort to keep them safe from collection procedures by federal-tax and child-support enforcement authorities. *Disciplinary Counsel v. Mathewson,* 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 14–15. In the present case, respondent admits that he attempted to hide money from creditors in his account set up for client funds. His intent was to put his personal funds in his trust account to prevent creditors from discovering the funds. This action was dishonest and prejudicial to the administration of justice.

{¶ 10} Clearly, a lawyer may not use his trust account, which is a tool established for the benefit of the profession, as a "safe haven" for his money to avoid his personal financial responsibilities. We reiterate our previous holding that it is "of the utmost importance that attorneys maintain their personal and office accounts separate from their clients' accounts and that the violation of that rule warrants a substantial sanction whether or not the client has been harmed." *Erie–Huron Counties Joint Certified Grievance Commt. v. Miles* (1996), 76 Ohio St.3d 574, 577, 669 N.E.2d 831.

{¶ 11} Thus, we find that respondent violated DR 1–102(A)(4) and 1–102(A)(5), as well as DR 1–102(A)(6), 9–102(A), and 9–102(B). Nevertheless, we hold that the sanction recommended by the board is appropriate. Respondent is hereby suspended for a period of two years with one year stayed on the condition that respondent (1) satisfy the conditions of his CLE suspension, (2) satisfactorily complete 12 hours of additional CLE in law-office management and accounting during the year of the stayed suspension, (3) complete one year of monitored probation pursuant to Gov.Bar R. V(9), and (4) pay the costs of these proceedings. If respondent fails to comply with the conditions, the stay will be lifted, and respondent will serve the entire two-year suspension.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, and O'DONNELL, JJ., concur.

LANZINGER, J., concurs with the sanction but would not find violations of DR 1–102(A)(4) and 1–102(A)(5).

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Carol A. Costa, Assistant Disciplinary Counsel, for relator.