DISCIPLINARY COUNSEL *v.* GILDEE.

[Cite as *Disciplinary Counsel v. Gildee,* 134 Ohio St.3d 374, 2012-Ohio-5641.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to maintain client funds in a separate account and making false statements of material fact in connection with a disciplinary matter—Two-year suspension, one year stayed on conditions.*

(No. 2012-1011—Submitted August 22, 2012—Decided December 5, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-088.

_____

**Per Curiam.**

{¶ 1} Respondent, Eva Catherine Gildee of Columbus, Ohio, Attorney Registration No. 0072685, was admitted to the practice of law in Ohio in 2000. The Board of Commissioners on Grievances and Discipline recommends that we suspend Gildee from the practice of law for two years with one year stayed on conditions. We accept the board's findings of professional misconduct and its recommendation of a two-year, partially stayed, suspension.

{¶ 2} Relator, disciplinary counsel, charged Gildee in a two-count complaint with multiple violations of the Rules of Professional Conduct. The parties stipulated to certain facts, rule violations, and aggravating and mitigating factors. They jointly recommended that Gildee be suspended from the practice of law for two years with one year stayed upon the conditions that she commit no further misconduct and that she not be reinstated until she pays restitution of $11,290.98 to the client who had submitted the grievance against her.

{¶ 3} A panel of three board members heard the case and made findings of fact and conclusions of law. The panel recommended adopting the parties'

stipulated sanction. The board adopted the findings, conclusions, and recommendation of the panel.

**{¶ 4}** The parties have not objected to the board's report and recommendation.

### Misconduct

*Count One—Failing to Deliver Client Funds and*

*Fabricating a Letter to Justify the Failure*

**{¶ 5}** In 2007, Gildee agreed to represent a client and his company on a one-third contingent-fee basis in a commercial-lease dispute against a sports club and its owner in the Franklin County Court of Common Pleas. In 2008, the case settled, and the defendants agreed to pay the client a lump-sum payment of $32,500, followed by quarterly payments representing a percentage of the lease payments received from a new tenant over the next four years. In January 2008, Gildee gave her client a check drawn on her client trust account in the amount of $21,669.92, which represented two-thirds of the $32,500 settlement payment.

**{¶ 6}** After the defendants obtained a new tenant, Gildee received a lease payment from them in an amount below what Gildee and her client had been expecting, given the value of the lease. In July 2008, the client agreed to retain Gildee to pursue a second lawsuit against the club and its owner for breach of the settlement agreement entered in the first lawsuit; the money that was owed to the client on the first lease payment was used as a retainer against which Gildee would charge $175 per hour.

**{¶ 7}** The defendants continued to send Gildee lease payments, and the client ultimately decided not to pursue the claim for breach of the settlement agreement. Gildee did not deposit all of the payments into her client trust account, instead cashing some of them or depositing them into her operating account. The contingent-fee agreement required Gildee to disburse $8,347.60 of

the lease payments made by the defendants to the client, but she misappropriated these funds.

{¶ 8} In July 2011, Gildee falsely asserted to relator that she had advised the client that she was applying a portion of the lease payments to satisfy the client's outstanding legal fees. At that time, Gildee gave relator a letter dated January 3, 2010, addressed to her client that stated that she was retracting her prior policy of overlooking fees that he owed her for the legal services rendered because the client had filed a complaint with relator about her actions. Gildee later admitted to relator that she had created the letter before her July 2011 meeting with relator and that she had backdated it to January 3, 2010.

{¶ 9} The board found, and we agree, that Gildee's conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing trust account, separate from the lawyer's own property), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that a client or third party is entitled to receive), 8.1 (prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 10} The parties stipulated to the dismissal of a charge of violating Prof.Cond.R. 1.16(e) (a lawyer who withdraws from employment shall promptly refund any fee paid in advance that has not been earned). We dismiss this charge.

*Count Two—Lying about Transmitting Payment to Client*

{¶ 11} Before the settlement in the common pleas court case in 2008, the court found the defendants to be in contempt of court and ordered them to pay attorney fees in the amount of $7,500. In August 2009, the client filed a grievance against Gildee claiming that she had coerced him into accepting the

settlement agreement and had failed to remit his share of the fee award. After relator investigated the complaint and determined that there was insufficient evidence to establish that Gildee had pressured her client into agreeing to the settlement, Gildee agreed to pay the client half of the fee award—$3,750—by April 17, 2010.

{¶ 12} When Gildee failed to make the payment as promised, her client contacted relator. On September 28, 2010, Gildee paid the client $1,000, leaving a balance due of $2,750. After relator contacted Gildee about the status of the payments, Gildee sent relator a facsimile in December 2010 of a letter she had purportedly sent to her client on the same day, along with a copy of a check for $1,000 drawn on her personal account and payable to the client. Gildee never sent the letter or check to the client. After the client again complained to relator that he had not received any further payment, relator contacted Gildee.

{¶ 13} On May 3, 2011, Gildee sent a facsimile to relator of a letter that she had purportedly sent to her client on May 2, 2011, along with a copy of a check for $1,500 drawn on her personal account and payable to the client. Gildee never sent the letter or check to the client. Gildee did not have sufficient funds in her account to cover the check, and she failed to inform relator that she never mailed the letter and check to her client.

{¶ 14} The board found, and we agree, that Gildee's conduct violated Prof.Cond.R. 8.1, 8.4(c), and 8.4(h).

### Sanction

{¶ 15} "When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties the lawyer violated and sanctions imposed in similar cases." *Toledo Bar Assn. v. Weisberg*, 124 Ohio St.3d 274, 2010-Ohio-142, 921 N.E.2d 641, ¶ 15. "In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before

the Board of Commissioners on Grievances and Discipline ('BCGD Proc.Reg.')." *Cleveland Metro. Bar Assn. v. Mishler*, 127 Ohio St.3d 336, 2010-Ohio-5987, 939 N.E.2d 852, ¶ 45.

**{¶ 16}** The board found the following aggravating factors: (1) a dishonest and selfish motive, (2) multiple offenses, (3) resulting harm to the victim, and (4) failure to make restitution. *See* BCGD Proc.Reg. 10(B)(1)(b), (d), (h), and (i). In mitigation, the board found the following factors: (1) absence of a prior disciplinary record, (2) full and free disclosure to the board during the disciplinary process, and (3) positive character evidence. *See* BCGD Proc.Reg. 10(B)(2)(a), (d), and (e). The board was particularly impressed by the genuine remorse that Gildee expressed during the hearing, the fact that her legal career has been otherwise exemplary, and the fact that her lack of restitution to the client was a consequence of her dire financial condition.

**{¶ 17}** "The presumptive sanction for misappropriation of client funds is disbarment." *Disciplinary Counsel v. Burchinal*, 133 Ohio St.3d 38, 2012-Ohio-3882, 975 N.E.2d 960, ¶ 17. But we have tempered this sanction when the misconduct constitutes a solitary event in an otherwise untarnished legal career. *Disciplinary Counsel v. Claflin*, 107 Ohio St.3d 31, 2005-Ohio-5827, 836 N.E.2d 564, ¶ 15. This is the case here. And similar to the circumstances in *Burchinal*, Gildee's multiple acts of dishonesty require an actual suspension from the practice of law, but the mitigating evidence—including the absence of a disciplinary record, full and free disclosure to the board, positive character evidence, and genuine remorse—warrant a lesser sanction than disbarment. *Burchinal* at ¶ 19.

**{¶ 18}** Upon our independent review of the pertinent factors, we agree that the sanction recommended by the board is appropriate. We therefore suspend Gildee from the practice of law in Ohio for two years, with one year of the suspension stayed on the conditions that Gildee commit no further violation of the

disciplinary rules and that Gildee not be reinstated to the practice of law until she has made full restitution to the client in the amount of $11,290.98. Costs are taxed to respondent.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Senior Assistant Disciplinary Counsel, for relator.

Eva C. Gildee, pro se.

_____