DISCIPLINARY COUNSEL *v.* DEGIDIO.

[Cite as *Disciplinary Counsel v. DeGidio,* 135 Ohio St.3d 407,

2013-Ohio-1509.]

*Attorneys—Misconduct—Failure to maintain client funds in a separate account or to cooperate with a disciplinary investigation—Two-year suspension, one year stayed on conditions.*

(No. 2012-1697—Submitted January 23, 2013—Decided April 18, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-043.

_____

**Per Curiam**.

{¶ 1} Respondent, Anthony James DeGidio Jr. of Toledo, Ohio, Attorney Registration No. 0069064, was admitted to the practice of law in Ohio in 1998. In June 2012, relator, disciplinary counsel, charged DeGidio with commingling personal and client funds in his client trust account, using that account to pay personal expenses, and failing to cooperate in the ensuing disciplinary investigation.

{¶ 2} Although DeGidio received relator's complaint by certified mail, he did not answer it. Consequently, relator moved for default. A master commissioner appointed by the Board of Commissioners on Grievances and Discipline granted relator's motion for default, found that relator had proved by clear and convincing evidence that DeGidio committed the charged misconduct, and recommended that he be suspended from the practice of law for two years, with the second year stayed.

**{¶ 3}** The board adopted the master commissioner's findings of fact and misconduct. While the board agrees that a two-year suspension with the second year stayed, is the appropriate sanction for DeGidio's misconduct, it further recommends that the stay be conditioned on his completion of a continuing-legal-education ("CLE") course addressing the proper use and maintenance of a client trust account. Having considered DeGidio's misconduct, the aggravating and mitigating factors present, and the sanctions imposed for comparable misconduct, we adopt the board's recommended sanction.

## Misconduct

**{¶ 4}** On February 15, 2011, relator received a notice from Huntington National Bank that DeGidio had overdrawn his client trust account by $395.58. Relator sent letters of inquiry to the home and business addresses that respondent had provided to the Office of Attorney Registration. Although the letters sent by certified mail were returned unclaimed, those sent by regular mail were not returned. DeGidio requested and received an extension of time to respond to the inquiry, but he did not submit a response until prompted by an e-mail from relator. In response to relator's request for additional information, DeGidio sent a brief reply and requested and received another extension of time to respond, but once again he failed to provide the requested information. He did not respond to a follow-up letter or a subpoena duces tecum ordering him to appear at relator's office on February 13, 2012, although the subpoena was personally served on him. On February 24, however, he requested by e-mail that the deposition be rescheduled due to his illness; it is apparent from the e-mail that DeGidio believed that the deposition was scheduled for that day. Relator offered to grant DeGidio additional time if he would waive the one-year time limit for completing relator's investigation. DeGidio never responded to that offer or to any subsequent communications from relator.

2

**{¶ 5}** The bank records subpoenaed by relator demonstrate that from August 2010 through June 2011, DeGidio deposited personal funds, including a birthday check he had received from his sister, into his client trust account. He also used his trust account to pay personal and business expenses and wrote and negotiated five trust-account checks that were issued payable to "Cash."

**{¶ 6}** DeGidio's client trust account had a balance of $1,007.42 on January 19, 2011, when he deposited a $5,650 check from a client. DeGidio issued a $450 check to cover fees associated with the filing of the client's appeal in a federal court of appeals. But before the clerk could negotiate the check, DeGidio issued an additional $6,595 in checks—a $5,000 check for his fee, a check for a personal or business obligation, and a check for cash. Thus, when the $450 check was negotiated, the account became overdrawn.

**{¶ 7}** The board found that DeGidio violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation). We adopt the board's findings of fact and misconduct.

### Sanction

**{¶ 8}** When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors

listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 9} The only aggravating factor found by the board was DeGidio's lack of cooperation in the disciplinary investigation, and the only mitigating factor found was the absence of a prior disciplinary record. *See* BCGD Proc.Reg. 10(B)(1)(e) and (2)(a).

{¶ 10} Relator and the master commissioner recommended that DeGidio be suspended from the practice of law for two years and that the second year of the suspension be stayed. The board adopted that recommendation, but also recommends that we condition the stay on DeGidio's completion of a CLE course on the proper use and maintenance of a client trust account.

{¶ 11} In *Disciplinary Counsel v. Morgan*, 114 Ohio St.3d 179, 2007-Ohio-3604, 870 N.E.2d 1171, we imposed a two-year suspension, with one year conditionally stayed, on an attorney who had commingled funds in his client trust account, overdrawn the account multiple times, and failed to cooperate in the resulting disciplinary suspension. In light of DeGidio's improper use of his client trust account, the resulting overdraft, and his failure to cooperate in the resulting investigation, we find that the board's recommended sanction is commensurate with sanctions imposed for comparable misconduct and thus is appropriate.

{¶ 12} Accordingly, Anthony James DeGidio Jr. is suspended from the practice of law in Ohio for two years, with the second year stayed on the conditions that he commit no further misconduct and complete six hours of CLE in trust-account management in addition to the CLE requirements of Gov.Bar R. X. Costs are taxed to DeGidio.

Judgment accordingly.

PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'Neill, JJ., concur.

O'CONNOR, C.J., dissents and would impose an indefinite suspension upon respondent.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____