**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*Disciplinary Counsel v. Jackson,* **Slip Opinion No. 2016-Ohio-1599.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1599

DISCIPLINARY COUNSEL *v.* JACKSON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Jackson,* Slip Opinion No. 2016-Ohio-1599.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct and the Rules for the Government of the Bar, including engaging in conduct prejudicial to administration of justice—Two-year suspension.*

(No. 2015-1004—Submitted July 7, 2015—Decided April 21, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-107.

_____

**Per Curiam.**

{¶ 1} Respondent, Jesse Jackson Jr. of West Chester, Ohio, Attorney Registration No. 0086184, was admitted to the practice of law in Ohio in 2010. On December 15, 2014, relator, disciplinary counsel, charged Jackson with 31

violations of the Rules of Professional Conduct and one violation of the Rules for the Government of the Bar.

{¶ 2} Much of Jackson's misconduct occurred within a few months after the then-new lawyer began employment with the law firm of Caparella-Kraemer & Associates, L.L.C., in May 2011. Prior to joining the law firm, Jackson was a sole practitioner with offices in Fairfield and Lebanon, Ohio. After the law firm hired him as an associate to handle bankruptcy and probate matters, Jackson agreed to close his two other offices and to split equally with the firm all fees for work he performed. Approximately five months after Jackson began working for the law firm, however, the firm discovered that Jackson had not closed his other offices and that he was not sharing fees for court-appointed work and other work that he had performed. As a result of Jackson's failure to share the fees with the law firm, criminal charges were brought against him. He was subsequently found guilty of petty theft, a first-degree misdemeanor, and was sentenced to three years of community control and ordered to pay a $1,000 fine and $250 in restitution to the firm.

{¶ 3} During its investigation into the unshared fees, the law firm also determined that Jackson had failed to competently complete work he had been hired to perform in six bankruptcy matters, forming the basis of charged misconduct. The remaining charges of misconduct against Jackson arose out of four other separate client matters as well as issues with his client trust account. These charges against Jackson included depositing his deceased wife's Ohio Bureau of Workers' Compensation checks into his Interest on Lawyers Trust Account ("IOLTA") account instead of claiming them as assets of her estate, failing to provide competent representation to a client and then attempting to settle with that client after she filed a grievance, attempting to initiate a sexual relationship with a client, and engaging in a sexual relationship with another client.

**{¶ 4}** A panel of the Board of Professional Conduct considered the cause on the parties' amended consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 5}** In the amended consent-to-discipline agreement, Jackson stipulates to most of the facts alleged in relator's complaint and agrees that his conduct constituted two violations of Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), one violation of Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), one violation of Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), one violation of Prof.Cond.R. 1.5(c)(1) (requiring an attorney to have set forth a contingent-fee agreement in a writing signed by the client), one violation of Prof.Cond.R. 1.5(d)(3) (prohibiting a lawyer from charging a flat fee without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation), one violation of Prof.Cond.R. 1.8(h) (prohibiting a lawyer from making an agreement prospectively limiting the lawyer's liability), one violation of Prof.Cond.R. 1.8(j) (prohibiting a lawyer from soliciting or engaging in sexual activity with a client unless a consensual sexual relationship existed prior to the client-lawyer relationship), one violation of Prof.Cond.R. 1.15(a)(2) (requiring a lawyer to maintain a record for each client on whose behalf funds are held), one violation of Prof.Cond.R. 1.15(a)(3) (requiring a lawyer to maintain a record for the lawyer's client trust account, setting forth the name of the account, the date, amount, and client affected by each credit and debit, and the balance in the account), one violation of Prof.Cond.R. 1.15(a)(4) (requiring a lawyer to maintain all bank statements, deposit slips, and canceled checks, if provided by the bank, for each bank account), one violation of Prof.Cond.R. 1.15(a)(5) (requiring a lawyer to perform and retain a monthly reconciliation of the funds held in the lawyer's client trust account), one violation of Prof.Cond.R. 1.15(b) (permitting a lawyer to deposit his or her own funds in a client trust account

for the sole purpose of paying or obtaining a waiver of bank service charges), one violation of Prof.Cond.R. 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), one violation of Prof.Cond.R. 1.15(d) (requiring a lawyer, upon request, to promptly render a full accounting of funds or property in which a client or third party has an interest), two violations of Prof.Cond.R. 1.16(d) (requiring a lawyer withdrawing from representation to take steps reasonably practicable to protect a client's interest), one violation of each of Prof.Cond.R. 8.1(b) and former Gov.Bar R. V(4)(G)[1] (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), one violation of Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness), two violations of Prof.Cond.R. 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), five violations of Prof.Cond.R. 8.4(d) (prohibiting a lawyer form engaging in conduct that is prejudicial to the administration of justice), and one violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).  In addition, the parties agree to the dismissal of one alleged violation of Prof.Cond.R. 1.5(a), two alleged violations of Prof.Cond.R. 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), and one alleged violation of Prof.Cond.R. 1.8(j).

{¶ 6} The parties stipulate that the applicable mitigating factors include the absence of a prior disciplinary record and Jackson's acknowledgment that his actions were improper.  *See* Gov.Bar R. V(13)(C)(1).  We agree with the parties that while Jackson was not initially cooperative in the investigation into his IOLTA-

---

[1] Effective January 1, 2015, the provisions previously set forth in Gov.Bar R. V(4)(G) are codified in Gov.Bar R. V(9)(G).  140 Ohio St.3d CXIX.

account violations, his appearance for multiple depositions and his subsequent full and free disclosure of his actions can be considered mitigating. *See* Gov.Bar R. V(13)(C)(4). The parties stipulate that the applicable aggravating factors are that Jackson acted with a dishonest or selfish motive, there was a pattern of misconduct, and Jackson failed to pay restitution. *See* Gov.Bar R. V(13)(B)(2), (3), and (9). Based on Jackson's stipulated misconduct and these factors, the parties agree that the appropriate sanction for Jackson's misconduct is a two-year suspension from the practice of law, with reinstatement conditioned on the payment of restitution in the amount of $15,329.77 as well as a two-year period of monitored probation once Jackson is reinstated to the practice of law.

{¶ 7} The panel and the board found that the amended consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety. In reaching this recommendation, the panel reviewed *Dayton Bar Assn. v. Swift,* 142 Ohio St.3d 476, 2014-Ohio-4835, 33 N.E.3d 1 (a two-year suspension with the second year stayed on conditions was the appropriate sanction for an attorney who engaged in a pattern of misconduct involving multiple offenses by failing to maintain independent time records and overbilling four counties for court-appointed work over several years), *Disciplinary Counsel v. Kraemer,* 126 Ohio St.3d 163, 2010-Ohio-3300, 931 N.E.2d 571 (a two-year suspension with one year stayed on conditions was the appropriate sanction for an attorney who misappropriated fees by failing to remit a percentage of the fees collected to his law firm), *Disciplinary Counsel v. Gonzalez*, 138 Ohio St.3d 320, 2014-Ohio-851, 6 N.E.3d 1149 (a two-year suspension with the second year stayed on condition was the appropriate sanction for an attorney who failed to properly notify his clients that he lacked malpractice insurance, commingled client and personal funds, failed to account for client funds in his trust account, failed to keep records for client-related expenditures, failed to cooperate in the disciplinary proceedings, and engaged in a range of misconduct during the trial of a client's

case), *Disciplinary Counsel v. DeGidio,* 135 Ohio St.3d 407, 2013-Ohio-1509, 987 N.E.2d 681 (a two-year suspension with one year stayed on conditions was the appropriate sanction for an attorney who commingled personal and client funds in his trust account), *Disciplinary Counsel v. Cantrell*, 125 Ohio St.3d 458, 2010-Ohio-2114, 928 N.E.2d 1100 (an indefinite suspension was the appropriate sanction for an attorney who used her client trust account to pay personal expenses, represented a decedent's estate while her license was inactive, and received attorney fees not approved by the probate court), *Columbus Bar Assn. v. Troxell*, 129 Ohio St.3d 133, 2011-Ohio-3178, 950 N.E.2d 555 (an indefinite suspension was the appropriate sanction for an attorney who neglected a client's legal matter and failed to cooperate in the ensuing disciplinary investigation), and *Disciplinary Counsel v. Weiss*, 133 Ohio St.3d 236, 2012-Ohio-4564, 977 N.E.2d 636 (an indefinite suspension with reinstatement subject to condition was the appropriate sanction for an attorney who wrongfully retained funds that a client was entitled to receive).

**{¶ 8}** We agree that Jackson violated Prof.Cond.R. 1.1, 1.16(d), 8.4(c), and 8.4(d) on multiple occasions as well as 1.3, 1.5(a), 1.5(c)(1), 1.5(d)(3), 1.8(h), 1.8(j), 1.15(a)(2), 1.15(a)(3), 1.15(a)(4), 1.15(a)(5), 1.15(b), 1.15(c), 1.15(d), 8.1(b), 8.4(b), and 8.4(h) and Gov.Bar R. V(4)(G) and, as stated in the parties' amended agreement and as indicated by the cited precedent, that this conduct warrants a two-year suspension from the practice of law, with reinstatement subject to the conditions agreed to by the parties and recommended by the board. Therefore, we adopt the parties' amended consent-to-discipline agreement, including the agreed dismissal of certain alleged violations.

**{¶ 9}** Accordingly, Jesse Jackson Jr. is hereby suspended from the practice of law for a period of two years, with reinstatement conditioned on the payment of restitution to Caparella-Kraemer & Associates, L.L.C., in the amount of $5,700, to the estate of Leonetta Jackson in the amount of $8,629.77, and to Sharon Allen in

the amount of $1,000.  In addition, upon reinstatement Jackson shall serve a two-year period of monitored probation pursuant to Gov.Bar R. V(21).

{¶ 10} Costs are taxed to Jackson.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Catherine M. Russo, Assistant Disciplinary Counsel, for relator.

Montgomery, Rennie & Jonson and George D. Jonson, for respondent.

_____