COLUMBUS BAR ASSOCIATION *v.* THOMPSON.

[Cite as Columbus Bar Assn. v. Thompson (1982),
69 Ohio St. 2d 667.]

(D.D. No. 81-21—Decided March 9, 1982.)

*Mr. Stanley D. Ross* and *Mr. Geoffrey Stern,* for relator.
*Mr. Richard E. Wright,* for respondent.

*Per Curiam.*   The activities with which the respondent is charged are serious indeed, but the charges could reasonably have been even more severe. The facts show that the funds which were given to the respondent by a client were for a specific purpose. When those funds were placed in a trust account, and a check later drawn thereon, the check was returned for insufficient funds. Upon redeposit of the check, it was again returned because of insufficient funds in the account.

It was also stipulated that additional monies of other

clients went into this trust fund maintained by respondent, and that on a number of occasions respondent had drawn checks upon the account to pay for certain personal expenses of respondent such as office rent and utilities. The stipulated facts revealed that during the period in question none of respondent's own funds were deposited to this trust account.

The charge filed here against respondent, under DR 9-102 (A)(1) and (2), is failing to properly deposit, identify, account for, and distribute funds of his client. We concur with the board of commissioners that respondent did violate this Disciplinary Rule.

Failure to promptly pay over and failure to properly account to a client for his funds is closely related to commingling, which often arises out of similar circumstances.

The mishandling of clients' funds either by way of conversion, commingling, or just poor management, encompasses an area of the gravest concern of this court in reviewing claimed attorney misconduct. As summarized in the Ohio State Bar Foundation's publication, Ethics and Discipline in Ohio, 1977, at page 15:

"No aspect of attorney misconduct is more frequently engaged in, or more severely condemned, than the commingling of an attorney's funds with those of his client. * * * "

This commentary would also apply equally to attorneys who fail to properly account to their clients as to the latters' funds.

We are well aware that this court has shown its great concern for this type of attorney defalcation by the severity of the sanction imposed by the court. For example, in *Akron Bar Assn.* v. *Hughes* (1976), 46 Ohio St. 2d 369, the court stated, at page 372:

" * * * it has been the consistent practice of this court in recent years to impose a penalty of either indefinite suspension or of disbarment in cases involving commingling of funds."

Suspension of one year is advocated by the relator, and such a sanction for the conduct here could reasonably be meted out well in keeping with the sanctions ordered in some of the cases reviewed. However, the board of commissioners has recommended a public reprimand, basing their position for the

lesser penalty upon the following facts: (1) respondent reimbursed the client and no one was harmed by respondent's conduct; (2) some of the checks drawn on the trust account were prepared by a substitute secretary unfamiliar with the accounts; and (3) respondent acted under a misapprehension with regard to the impropriety of payment of personal expenses from his trust account. None of these facts excuse the respondent for his actions, and we are quite hesitant to accept the recommendation of the lesser sanction. However, considering respondent's willingness to cooperate with the investigators and the board, to answer the charges and appear at all stages of the proceeding, including oral hearing before this court, and that respondent's demeanor indicates he has learned a significant lesson here, we accept the recommendation of the board.

Accordingly, we publicly reprimand respondent, H. Lee Thompson, for his acts.

*Judgment accordingly.*

W. BROWN, Acting C. J., REILLY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

SWEENEY, J., not participating.

REILLY, J., of the Tenth Appellate District, sitting for CELEBREZZE, C. J.