OFFICE OF DISCIPLINARY COUNSEL v. HEARD.

[Cite as Disciplinary Counsel v. Heard (1985), 16 Ohio St. 3d 18.]

(D.D. No. 84-29—Decided March 27, 1985.)

*Mr. Angelo J. Gagliardo,* disciplinary counsel, and *Mr. Mark H. Aultman,* for relator.

*Messrs. Carlisle, Birge, McNellie & Rini* and *Mr. Steve I. Helfgott,* for respondent.

*Per Curiam.* There can be little doubt that the record supports a finding that respondent violated DR 2-103. The severity of respondent's violations is accentuated by the fact that respondent ignored a specific warning by the Disciplinary Counsel and attempted to accomplish by indirection that which he knew or should have known was violative of the Code of Professional Responsibility.

Respondent argues that his actions were in response to dire socioeconomic circumstances of those in financial distress and that his actions should not be subject to sanction, citing *N.A.A.C.P.* v. *Button* (1963), 371 U.S. 415, and *Brotherhood of RR. Trainmen* v. *Virginia* (1964), 377 U.S. 1. These cases are inapplicable because in the present case the organization referring business to respondent was a sham corporation operating through and financed in large measure by the respondent to attract legal clients.

The citations that follow represent cases where attorneys who solicited clients through improper organizational arrangements or mailings were indefinitely suspended: *Cleveland Bar Assn.* v. *Fleck* (1961), 172 Ohio St. 467 [17 O.O.2d 458]; *Dayton Bar Assn.* v. *Herzog* (1962), 173 Ohio St. 313 [19 O.O.2d 205]; *Columbus Bar Assn.* v. *Potts* (1963), 175 Ohio St. 101 [23 O.O.2d 392]; and *Columbus Bar Assn.* v. *Agee* (1964), 175 Ohio St. 443 [26 O.O.2d 1].

In recent years there has been a trend toward leniency as to the imposition of penalties for improper client solicitation. However, this matter involves an aggravated situation in which respondent, after agreeing to discontinue a proscribed practice, resumed essentially the same practice. Thus, we must deny respondent's request for dismissal and adopt the board's findings as well as its recommendation that respondent be suspended for one year.

*Judgment accordingly.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

C. BROWN, J., dissents.

CLIFFORD F. BROWN, J., dissenting. In my view the sanction of public reprimand is sufficient in this case when the nature of the professional misconduct and the respondent's socio-economic circumstances are thoroughly studied. Furthermore, a public reprimand would be within the spirit, if not the letter of the law, announced by the United States Supreme Court in *N.A.A.C.P.* v. *Button* (1963) 371 U.S. 415, and *Brotherhood of RR. Trainmen* v. *Virginia* (1964), 377 U.S. 1, where no sanction is imposed for certain categories of referrals of cases and legal matters by organizations to lawyers.