CINCINNATI BAR ASSOCIATION *v.* WHITE.

[Cite as *Cincinnati Bar Assn. v. White* (1997), 79 Ohio St.3d 491.]

(No. 97–808—Submitted July 7, 1997—Decided October 1, 1997.)

*E. Hanlin Bavely* and *Adam P. Hall,* for relator.

*John H. Berlew,* for respondent.

*Per Curiam.*  DR 2–103(B) provides that "[a] lawyer shall not compensate or give anything of value to a person or organization to recommend or secure the lawyer's employment by a client * * *."  The only organizations excepted from this rule are those that can qualify under DR 2–103(D).  Such excepted organizations are a legal aid society or a public defender office, a military legal assistance office, a qualified legal referral service, or a bona-fide organization offering a legal services plan that complies with certain conditions.  The purpose of DR 2–103 is to ensure that individual lawyers do not avoid the advertising and solicitation restrictions of the Code of Professional Responsibility.

In this case respondent formed his own corporation whose sole purpose was to find potential clients and direct them to respondent.  Respondent paid the

employees of that corporation, which did not qualify under DR 2–103(D). Thus, respondent clearly violated DR 2–103(B) as found by the board. In a similar case, *Disciplinary Counsel v. Heard* (1985), 16 Ohio St.3d 18, 16 OBR 369, 475 N.E.2d 784, where an attorney created an unincorporated association to solicit individuals whose property was subject to foreclosure, we imposed a one-year suspension.

In addition, respondent commingled client funds with his own personal funds and the funds used to operate his law office. DR 9–102(A) requires that client funds be deposited in one or more identifiable bank accounts in which no funds of the lawyer or law firm are deposited. As the board found, by depositing client funds in accounts which contained his own personal and business funds, respondent violated DR 9–102(A).

Moreover, respondent, having received settlement funds for clients, was required to hold such funds as a fiduciary for those clients. It is axiomatic that for respondent to be able to take a setoff, he must hold the debits and credits in the same capacity. Here, respondent used settlement funds of his clients that he held as a fiduciary to set off against his personal claim against Mayabb for rent. Respondent was not entitled to set off fiduciary funds against personal debts owed to him. His use of client funds in this manner was tantamount to conversion of his clients' monies. Funds may not be withdrawn from a client's account for a lawyer's own purposes whether for personal or private business use. *Columbus Bar Assn. v. Robinson* (1979), 59 Ohio St.2d 62, 13 O.O.3d 56, 391 N.E.2d 1019; *Columbus Bar Assn. v. Thompson* (1982), 69 Ohio St.2d 667, 23 O.O.3d 541, 433 N.E.2d 602.

In view of respondent's violation both of his duty to the profession to avoid improper solicitation and his duty to his clients not to commingle or convert their funds, we agree with the board that a more stringent sanction than that recommended by the panel is appropriate. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.