CINCINNATI BAR ASSOCIATION *v.* HAAS.

[Cite as *Cincinnati Bar Assn. v. Haas* (1998), 83 Ohio St.3d 302.]

(No. 97–2640—Submitted May 26, 1998—Decided September 30, 1998.)

*Robert J. Gehring* and *Maria C. Palermo,* for relator.

*Mark A. Vander Laan,* for respondent.

**Per Curiam.** We adopt the findings and conclusions of the board. In *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 689 N.E.2d 566, we said that in imposing a sanction, we will take into account the duty violated, the mental state of the lawyer, the actual or potential injury caused by the misconduct, and the existence of mitigating factors. The duty violated here is to refrain from compensating a third party to promote the use of a lawyer's services. While

many persons refer counsel to others, when such a referral is the result of monetary influence, it lacks the reliability of a disinterested recommendation. Cf. Greenbaum, Lawyer's Guide to the Ohio Code of Professional Responsibility (1996), at 189.

On previous occasions we have imposed an indefinite suspension when attorneys have paid non-lawyers for referrals. *Cincinnati Bar Assn. v. White* (1997), 79 Ohio St.3d 491, 684 N.E.2d 29; *Cincinnati Bar Assn. v. Rinderknecht* (1997), 79 Ohio St.3d 30, 679 N.E.2d 669. Each of those cases, however, involved additional violations of the Disciplinary Rules. Respondent's conduct in this case did not involve other disciplinary infractions and respondent, who has had an otherwise exemplary record, appeared remorseful. Respondent is hereby suspended from the practice of law in Ohio for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur. DOUGLAS and RESNICK, JJ., dissent and would stay a one-year suspension.