[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 302.]

CINCINNATI BAR ASSOCIATION *v.* HAAS.

[Cite as *Cincinnati Bar Assn. v. Haas*, 1998-Ohio-93.]

*Attorneys at law—Misconduct—One-year suspension—Paying insurance company salesman for referring personal injury claimants.*

(No. 97-2640—Submitted May 26, 1998—Decided September 30, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-107.

_____

{¶ 1} In 1990, respondent, Herbert Jaime Haas of Cincinnati, Ohio, Attorney Registration No. 0015411, entered into an arrangement with James Hearn, an insurance company salesman who was not an attorney, whereby Hearn would refer personal injury claimants to respondent in return for a portion of the fees at the conclusion of the case. From 1990 through 1996, respondent represented twenty to thirty of the persons referred to him by Hearn and paid Hearn $22,160.38. In 1996, Hearn sued respondent for unpaid fees that he was entitled to receive and obtained a judgment in the amount of $977.

{¶ 2} On May 19, 1997, relator, Cincinnati Bar Association, filed an amended complaint charging that the arrangement between respondent and Hearn violated the Code of Professional Responsibility. After respondent filed his answer, the matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on stipulated facts, the testimony of respondent expressing remorse, the testimony of a judge (appearing pursuant to subpoena) concerning respondent's ability and good character, and letters with respect to respondent's good character from five other attorneys, a court administrator, the executive director of a legal aid society, a public defender, and respondent's rabbi.

**{¶ 3}** The panel found the facts as stipulated and concluded that respondent's conduct violated DR 3-102(A) (sharing fees with a non-lawyer), 2-103(B) (compensating a person to recommend or secure employment of a client), and 2-103(C) (requesting a person to recommend or promote the use of a lawyer's services). The panel recommended that respondent be suspended from the practice of law for two years with one of those years suspended. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Robert J. Gehring* and *Maria C. Palermo,* for relator.

*Mark A. Vander Laan,* for respondent.

———————————

**Per Curiam.**

**{¶ 4}** We adopt the findings and conclusions of the board. In *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 689 N.E.2d 566, we said that in imposing a sanction, we will take into account the duty violated, the mental state of the lawyer, the actual or potential injury caused by the misconduct, and the existence of mitigating factors. The duty violated here is to refrain from compensating a third party to promote the use of a lawyer's services. While many persons refer counsel to others, when such a referral is the result of monetary influence, it lacks the reliability of a disinterested recommendation. Cf. Greenbaum, Lawyer's Guide to the Ohio Code of Professional Responsibility (1996), at 189.

**{¶ 5}** On previous occasions we have imposed an indefinite suspension when attorneys have paid non-lawyers for referrals. *Cincinnati Bar Assn. v. White* (1997), 79 Ohio St.3d 491, 684 N.E.2d 29; *Cincinnati Bar Assn. v. Rinderknecht* (1997), 79 Ohio St.3d 30, 679 N.E.2d 669. Each of those cases, however, involved additional violations of the Disciplinary Rules. Respondent's conduct in this case did not involve other disciplinary infractions and respondent, who has had an

otherwise exemplary record, appeared remorseful. Respondent is hereby suspended from the practice of law in Ohio for one year. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent and would stay a one-year suspension.

_____