DISCIPLINARY COUNSEL v. SIMMONS.

[Cite as *Disciplinary Counsel v. Simmons,*
120 Ohio St.3d 304, 2008-Ohio-6142.]

(No. 2008–1152—Submitted August 26, 2008—Decided December 3, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Frank James Simmons Jr. of Detroit, Michigan, Attorney Registration No. 0058498, was admitted to the Ohio bar in 1992. On December 2, 2005, respondent was suspended from the practice of law in Ohio for failing to comply with the registration requirements of Gov.Bar R. VI(6)(B). *In re Attorney Registration Suspension,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671. He was reinstated in June 2006. *In re Reinstatement of Simmons,* 110 Ohio St.3d 1424, 2006-Ohio-3648, 850 N.E.2d 1217. Relator, Disciplinary Counsel, filed a complaint charging respondent with two counts of violations of the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline considered the cause. The parties waived a hearing and submitted this matter to the panel on their stipulation of facts and law, including a recommended sanction. The panel accepted the agreement and its statement of facts and made a recommendation, which the board adopted.

{¶ 2} The board recommends that we impose a one-year suspension with six months stayed. We adopt the board's findings of misconduct and its recommended sanction.

## Stipulated Misconduct

### Count I

{¶ 3} Respondent represented a client before the Third Judicial Circuit Court of Wayne County, Michigan, Family Division, in April 2006, when he was suspended from the practice of law in Ohio. He later filed a motion regarding custody, a request for a hearing, a notice of a hearing, and a certificate of mailing on behalf of the client.

{¶ 4} On the request for a hearing, respondent identified himself and Jessica R. Simmons as the attorneys of record, affiliated with "Simmons & Simmons, L.P.A.," in Detroit. Jessica Simmons is respondent's sister and is licensed to practice law in the state of Michigan. But at no time did Jessica Simmons participate in a law firm known as "Simmons & Simmons," represent that client, or approve respondent's use of her name and bar number on any of the pleadings.

{¶ 5} On January 16, 2007, respondent appeared before Judge Kathleen M. McCarthy and did not advise the court that he was not licensed to practice in Michigan. On behalf of the client, respondent negotiated a settlement with the client's former spouse and submitted an amended order for parenting time to the court for signature.

{¶ 6} The court discovered that the respondent was not licensed to practice law in Michigan prior to the signing of the order. A clerk for the judge sent a letter to respondent informing him that the amended order could not be signed until the client appeared on his own behalf to sign the document or hired an attorney. A copy of the communication was also sent to Jessica Simmons. On January 25, 2007, Jessica Simmons wrote to respondent asking him to stop using her name and noting that "Simmons & Simmons" never existed.

### Count II

{¶ 7} In January 2006, respondent filed a motion for substitution of counsel and an entry of appearance on behalf of a different client in a criminal matter pending before the Second Judicial District Court of Lenawee County, Michigan. Respondent again falsely represented that Jessica Simmons from "Simmons & Simmons" was the counsel of record. In addition, respondent falsely represented to the court that Jessica Simmons was requesting that the court permit him to act as counsel for the client in the pending matter. The motion indicated that respondent was counsel in the Toledo law firm of "Simmons & Simmons." Respondent signed the motion as "Jessica R. Simmons" and gave his home address in Michigan.

{¶ 8} Lenawee County Assistant Prosecuting Attorney Robert J. Leon filed a motion in the criminal case indicating that respondent had been suspended from the practice of law in December 2005. Leon requested that respondent be

removed as counsel and that he and Jessica Simmons be found in contempt of court. Respondent informed the court that Jessica Simmons was unaware that his license had been suspended when he filed the motions using her name. The Lenawee County Circuit Court found respondent in contempt and ordered him to pay a $150 fine to the court and $250 in restitution to the prosecutor's office. The court removed respondent as counsel and remanded the cause to the district court, which also found him guilty of contempt and ordered him to pay a $1,000 fine.

## Stipulated Violations

{¶ 9} The respondent stipulated and the board found that respondent's acts set forth above constituted violations of DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 1–102(A)(5) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice), and DR 3–101(A)(3) (a lawyer shall not practice law in a jurisdiction where to do so would violate regulations of the profession in that jurisdiction).

{¶ 10} In mitigation, the parties stipulated that respondent had paid fines for his misconduct. Section 10(B)(2)(f) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline. Relator and respondent recommend that the board impose a one-year suspension, with six months stayed.

## Review

{¶ 11} Violations of DR 1–102(A)(4) warrant an actual suspension from the practice of law. *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237. The parties mistakenly included DR 3–101(A)(3) as the rule violation concerning the practice in another jurisdiction, instead of the correct rule citation, DR 3–101(B). We find that respondent violated DR 1–102(A)(4), DR 1–102(A)(5), and DR 3–101(B). Based on the violations and facts admitted in the stipulation, we accept the board's recommendation of a one-year suspension with six months stayed.

{¶ 12} Respondent is therefore suspended from the practice of law in Ohio for one year, with six months stayed on condition of no further violations. If the condition is violated, the stay will be lifted, and respondent shall serve the entire one-year suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZING-ER, and CUPP, JJ., concur.

Jonathan Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Jerome Phillips, for respondent.