DISCIPLINARY COUNSEL *v.* RIEK.

[Cite as *Disciplinary Counsel v. Riek*, 125 Ohio St.3d 46, 2010-Ohio-1556.]

*Attorneys at law — Misconduct — Commingling — Withdrawals from trust account for personal expenses — 18-month suspension, partially stayed.*

(No. 2009-2244 — Submitted January 26, 2010 — Decided April 12, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-010.

_____

**Per Curiam.**

{¶ 1} Respondent, F. Benjamin Riek III of Shaker Heights, Ohio, Attorney Registration No. 0022703, was admitted to the practice of law in Ohio in 1978. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice for 18 months, with 12 months of the suspension stayed upon the condition that he commit no further misconduct. We accept the board's findings of professional misconduct and the recommendation of an 18-month, partially stayed, conditional suspension.

{¶ 2} Relator, Disciplinary Counsel, charged respondent in a two-count complaint with violations of the Rules of Professional Conduct. The parties stipulated to the facts, misconduct, and aggravating and mitigating factors, and jointly recommended that the board impose a sanction of an 18-month suspension with 12 months of the suspension stayed upon the condition that respondent commit no further misconduct. A panel of three board members heard the case and made findings of fact and conclusions of law.[1] The board adopted the panel's findings of misconduct and recommended sanction.

_____

1. The panel found "by clear and convincing evidence that Respondent violated the rules as set forth in the Stipulations at pages 4 and 6" but then cited only three of the four rules that the parties

**{¶ 3}** The parties have not objected to the board's report.

## Misconduct

*Count One – Use of Trust Account as Personal Account*

**{¶ 4}** The parties stipulated that at all pertinent times, respondent practiced law as a solo practitioner and had a trust account. Between June 2007 and May 2008, respondent commingled personal and client funds in his trust account, overdrew the account on four occasions, and paid personal expenses directly from the account. For example, respondent gave personal creditors electronic access to his trust account, and in December 2007, respondent overdrew his trust account three times to pay for his personal expenses, including rent.

**{¶ 5}** We accept respondent's admission that his conduct violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property), 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

*Count Two – Use of Settlement Check Deposited in the Trust Account*

**{¶ 6}** The parties stipulated that on December 31, 2007, respondent deposited in his trust account a $10,000 settlement check made payable to one of his clients. At the close of business on that day, respondent had a balance of $10,343.92 in his trust account. Over the next two weeks, respondent wrote over

had stipulated that respondent had violated. We view this omission as inadvertent and conclude that the panel and board actually found that respondent had committed all of the stipulated violations. In addition, clear and convincing evidence supports this conclusion.

$8,000 in checks directly from his trust account to pay himself and various personal expenses.

**{¶ 7}** Shortly thereafter, the client attempted to cash a check for $2,875.60 drawn on the trust account, but it was dishonored. When the client contacted respondent about the check, respondent falsely represented that it had been dishonored because the $10,000 settlement check he had received from the client's employer had itself been dishonored. Respondent also informed the client that he would contact the employer about the check and would call the client when the check cleared. On February 12, 2008, respondent falsely advised his client that the employer's check had cleared so that the client could resubmit the check from the trust account. The next day, the client resubmitted the check, and it cleared.

**{¶ 8}** We accept respondent's admission that his conduct violated Prof.Cond.R. 1.15(a), 8.4(h), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

### Sanction

**{¶ 9}** "When imposing sanctions for attorney misconduct, we consider relevant factors, including the duties the lawyer violated and sanctions imposed in similar cases." *Toledo Bar Assn. v. Weisberg*, 124 Ohio St.3d 274, 2010-Ohio-142, 921 N.E.2d 641, ¶ 15. "To determine the appropriate sanction, [we also look] at a nonexhaustive list of aggravating and mitigating circumstances, which is found in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ('BCGD Proc.Reg.')." *Disciplinary Counsel v. Crosby*, 124 Ohio St.3d 226, 2009-Ohio-6763, 921 N.E.2d 225, ¶ 16.

**{¶ 10}** We have consistently recognized that the "mishandling of clients' funds either by way of conversion, commingling, or just poor management, encompasses an area of the gravest concern of this court in reviewing claimed

attorney misconduct," *Columbus Bar Assn. v. Thompson* (1982), 69 Ohio St.2d 667, 669, 23 O.O.3d 541, 433 N.E.2d 602, and that "it is 'of the utmost importance that attorneys maintain their personal and office accounts separate from their clients' accounts' and that any violation of that rule 'warrants a substantial sanction whether or not the client has been harmed,' " *Disciplinary Counsel v. Wise*, 108 Ohio St.3d 381, 2006-Ohio-1194, 843 N.E.2d 1198, ¶ 15, quoting *Erie-Huron Counties Joint Certified Grievance Commt. v. Miles* (1996), 76 Ohio St.3d 574, 577, 669 N.E.2d 831. See generally *Crosby*, 124 Ohio St.3d 226, 2009-Ohio-6763, 921 N.E.2d 225, ¶ 15.

**{¶ 11}** The parties stipulated that there are no aggravating factors here. In mitigation, the parties stipulated and the board found that respondent had no prior disciplinary record, had made full and free disclosure to the board and displayed a cooperative attitude towards the proceedings, and had presented positive character evidence. BCGD Proc.Reg. 10(B)(2)(a), (d), and (e). In particular, at the hearing before the panel, respondent admitted that when he used his trust account to pay personal expenses, he knew that the conduct was wrong.

**{¶ 12}** The recommended sanction of an 18-month suspension, with 12 months stayed upon the condition that respondent commit no further misconduct, is within the range of sanctions imposed by the court for similar misconduct involving attorneys who have failed to properly maintain their trust accounts. See *Crosby* at ¶ 19 (sanctions have ranged from a stayed six-month suspension to an indefinite suspension).

**{¶ 13}** In recommending the sanction, the board reviewed *Disciplinary Counsel v. Johnston*, 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892, in which we imposed a one-year conditionally stayed suspension on an attorney who commingled personal and client funds in his trust account. The board determined that this case warranted a harsher penalty because respondent gave his client a check for the net proceeds of a settlement deposited in his trust account when it

did not have sufficient funds to honor the check because of respondent's withdrawal of money to pay his personal expenses. Moreover, when confronted by his client, respondent lied about the reason for the dishonored check. Although the client was ultimately not harmed, respondent's deception justifies the longer partially stayed suspension. Cf. *Disciplinary Counsel v. Simmons*, 120 Ohio St.3d 304, 2008-Ohio-6142, 898 N.E.2d 943, ¶ 11 (violation of former Disciplinary Rule prohibiting lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation may warrant an actual suspension from the practice of law).

{¶ 14} Upon our independent review of the relevant factors, we agree that the sanction recommended by the board is commensurate with respondent's misconduct. We therefore suspend respondent from the practice of law in Ohio for 18 months, with 12 months of the suspension stayed upon the condition that he commit no further misconduct. If respondent fails to comply with the terms of the stay, the stay will be lifted, and respondent will serve the entire 18-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J.,[2] and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Joseph M. Caligiuri, Assistant Disciplinary Counsel, for relator.

F. Benjamin Riek III, pro se.

_____

2. The late Chief Justice Thomas J. Moyer participated in the deliberation in, and the final resolution of, this case prior to his death.