DISCIPLINARY COUNSEL *v.* JOHNSON.

[Cite as *Disciplinary Counsel v. Johnson,*

131 Ohio St.3d 372, 2012-Ohio-1284.]

*Attorney misconduct, including commingling and failing to keep records of funds held for clients—Two-year suspension with 18 months stayed on condition.*

(No. 2010-2199—Submitted October 18, 2011—Decided March 28, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-081.

_____

**Per Curiam**.

{¶ 1} Respondent, Frederick Bruce Johnson of Marysville, Ohio, Attorney Registration No. 0003093, was admitted to the practice of law in Ohio in 1977. In a three-count complaint filed on August 16, 2010, relator, disciplinary counsel, charged Johnson with multiple counts of professional misconduct based on his commingling personal and client funds in his client trust account, improperly withdrawing client funds from that account, failing to maintain records for each client for whom he held funds, and failing to cooperate in the ensuing disciplinary investigation.

{¶ 2} Although Johnson received relator's complaint by certified mail, he did not answer it, and on November 16, 2010, relator filed a motion for default. A master commissioner appointed by the Board of Commissioners on Grievances and Discipline appointed a master commissioner, who made findings of fact and misconduct and recommended that Johnson be suspended from the practice of law for two years with six months stayed on the condition that he attend at least six hours of continuing legal education in law-office management.

**{¶ 3}** The board adopted the master commissioner's report and filed it with this court. Johnson timely filed objections to the board's report and moved to both supplement the record and remand the matter to the board for presentation of additional evidence in mitigation. On February 24, 2011, we remanded this cause to the board to receive and consider supplementary mitigation evidence. 128 Ohio St.3d 1404, 2011-Ohio-807, 941 N.E.2d 1205.

**{¶ 4}** In light of the mitigating evidence submitted on remand, the board now recommends that Johnson be suspended from the practice of law for two years, with 18 months stayed. Neither party objects to the board's report. We adopt the findings of fact and misconduct as found by the board in its December 17, 2010 report and agree with its August 22, 2011 report that a two-year suspension with 18 months stayed is the appropriate sanction for Johnson's misconduct.

## Misconduct

**{¶ 5}** Based upon Johnson's deposition testimony and the documents submitted by relator, the board found that on July 31, 2006, Johnson deposited into his client trust account $89,000 that he had received as an inheritance. Before he made the deposit, the account contained over $17,000, $13,300 of which was held in trust for divorce client Lawrence Shane Malloy. Johnson continued to deposit personal and client funds into the account and wrote numerous checks to himself, his wife, his assistant, and various entities for his personal and business expenses. At his deposition, Johnson testified that he had used his client trust account for personal transactions under the mistaken belief that the Internal Revenue Service had placed a lien on his personal checking account.

**{¶ 6}** Johnson failed to maintain individual client ledgers for all the client funds in his possession. And from August to December 2009, there were at

2

least nine separate occasions when his client trust account was either overdrawn or checks were returned for insufficient funds.

{¶ 7} On April 27, 2009, Malloy's divorce decree, which ordered that the funds Johnson held in trust for Malloy be paid to Malloy's ex-wife, became final. When Johnson did not respond to requests for payment, the ex-wife moved the court to compel payment and award attorney fees. Johnson did not respond to the ex-wife's motion, but appeared for deposition. There, Johnson represented that the entire $13,300 was in his trust account, but it was not.

{¶ 8} Johnson failed to abide by a court order to deposit the funds with the clerk of court, but he appeared at an August 2009 hearing with a certified bank check for $13,300. He objected to the ex-wife's counsel's request to see his bank records, arguing that it should not matter what his records showed because he was tendering the full $13,300. Johnson advised the court that his accounting methods would not make any sense to counsel, and he falsely stated that he maintained a separate ledger for each of his clients. But when the court specifically asked whether the $13,300 had remained in Johnson's trust account continuously from the date he received the funds, he admitted that it had not.

{¶ 9} The board found that Johnson's conduct with regard to his client trust account prior to February 1, 2007,[1] violated DR 9-102(A)[2] (requiring a lawyer to deposit all client funds in one or more identifiable bank accounts and to keep the funds separate from the lawyer's own property) and 9-102(B)(3) (requiring a lawyer to maintain complete records of all client property coming into the lawyer's possession and render appropriate accounts to each client) and

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility. When both the former and current rules are cited for the same act, the allegation constitutes a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

2. The board mistakenly cites DR 9-101(A) but includes the summary of DR 9-102(A).

that his conduct after February 1, 2007, violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(a)(2) (requiring a lawyer to maintain a record of the funds held on behalf of each client), 1.15(b) (permitting a lawyer to deposit his or her own funds in a client trust account for the sole purpose of paying or obtaining a waiver of bank service charges), 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 10} The board also found that Johnson's conduct with respect to the Malloy matter violated Prof.Cond.R. 1.15(d) (requiring a lawyer to promptly deliver funds or other property that a client or third party is entitled to receive) and 3.3(a)(1) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), as well as Prof.Cond.R. 8.4(c), (d), and (h).

{¶ 11} Additionally, citing the fact that Johnson responded to only a few of relator's eight letters of inquiry and failed to produce all the documents requested by relator, the board found that Johnson had violated Prof.Cond.R. 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

## Sanction

{¶ 12} In imposing a sanction for attorney misconduct, we consider the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

**{¶ 13}** The board found that Johnson's failure to cooperate in the disciplinary process was the only aggravating factor in this case. *See* BCGD Proc.Reg. 10(B)(1)(e). In mitigation, however, the board found that Johnson did not have a prior disciplinary record and had made a timely good-faith effort to make restitution. *See* BCGD Proc.Reg. 10(B)(2)(a) and (c). And citing a letter from Union County Probate and Juvenile Judge Charlotte Coleman Eufinger and the testimony of Union County Common Pleas Judge Don Fraser, who were instrumental in getting Johnson to finally engage in the disciplinary process, the board found that apart from the underlying misconduct, Johnson possesses high ethical standards, is a truthful and honest person, and has an excellent reputation. *See* BCGD Proc.Reg. 10(B)(2)(e).

**{¶ 14}** The board also found that Johnson suffers from a number of physical conditions and that he has been diagnosed with significant mental disabilities, including major depressive disorder. The licensed independent social worker who diagnosed and continues to treat Johnson's mental disabilities testified on remand that those disabilities contributed to cause his misconduct, that he has had a sustained period of successful treatment, and that he will be able to return to the competent, ethical, professional practice of law. Therefore, the board found that his mental disabilities qualify as a mitigating factor pursuant to BCGD Proc.Reg. 10(B)(2)(g)(i) through (iv).

**{¶ 15}** The board observed that Johnson's complete disregard for the disciplinary process resulted in a default judgment and a board recommendation that, but for the kindness of two local judges, would likely have prevented him from practicing law for one and one-half years. Therefore, it rejected Johnson's request that it recommend a two-year suspension fully stayed on conditions.

**{¶ 16}** Relator argued, and the board agreed, that we have recognized that the " 'mishandling of clients' funds either by way of conversion, commingling, or just poor management, encompasses an area of the gravest concern' " and

generally warrants a substantial sanction, *Disciplinary Counsel v. Riek*, 125 Ohio St.3d 46, 2010-Ohio-1556, 925 N.E.2d 980, ¶ 10, quoting *Columbus Bar Assn. v. Thompson*, 69 Ohio St.2d 667, 669, 433 N.E.2d 602 (1982). But the board rejected relator's request that it recommend a two-year suspension with six months stayed on conditions, observing that relator failed to account for the mitigating evidence submitted on remand. Instead, the board recommends that Johnson be suspended for two years, with the final 18 months stayed. Neither party has objected to this recommendation.

{¶ 17} In *Disciplinary Counsel v. Crosby*, 124 Ohio St.3d 226, 2009-Ohio-6763, 921 N.E.2d 225, ¶ 3-13, we imposed a two-year suspension on an attorney who used his client trust account as a personal and operating account, failed to promptly withdraw earned funds from the account, and failed to properly train and supervise a paralegal whom he had designated as an authorized user of the account. As aggravating factors, we determined that Crosby had engaged in a pattern of misconduct over several years, that he had had a dishonest and selfish motive for the misconduct in that he had used his trust account to avoid the collection efforts of taxing authorities and judgment creditors, that he had failed to fully cooperate in the disciplinary process, and that he had lied about his reasons for misusing his client trust account. *Id*. at ¶ 17. *See also* BCGD Proc.Reg. 10(B)(1)(b), (c), (e), and (f). The only mitigating factors were the absence of a prior disciplinary record and lack of any evidence that clients were harmed. *Id*. at ¶ 16. *See also* BCGD Proc.Reg. 10(B)(2)(a) and (h).

{¶ 18} Johnson's misconduct is comparable to that of Crosby. But on remand, Johnson successfully demonstrated that he suffers from mental disabilities that contributed to his misconduct. He sought treatment for those conditions and signed a three-year contract with the Ohio Lawyers Assistance Program to help him deal with them. Having considered these facts and the

additional mitigating factors established on remand, we agree with the board's recommended sanction.

**{¶ 19}** Accordingly, Frederick Bruce Johnson is suspended from the practice of law in Ohio for two years, with the last 18 months stayed on the condition that he commit no further misconduct. If Johnson fails to comply with the condition of the stay, the stay will be lifted and he will serve the full two-year suspension. Costs are taxed to Johnson.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, Lori J. Brown, Chief Assistant Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

Bricker & Eckler, L.L.P., and Alvin E. Mathews Jr., for respondent.

_____