**DISCIPLINARY COUNSEL *v*. ALEXANDER**.

**[Cite as *Disciplinary Counsel v. Alexander,***

**133 Ohio St.3d 232, 2012-Ohio-4575.]**

*Attorneys—Misconduct—Mishandling of client funds and other misconduct—*

*One-year suspension with six months stayed on conditions.*

(No. 2011-2046—Submitted January 18, 2012—Decided October 9, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-019.

_____

**Per Curiam.**

{¶ 1} Respondent, James Alexander Jr. of Cleveland Heights, Ohio, Attorney Registration No. 0033384, was admitted to the practice of law in Ohio in 1971. In February 2011, relator, disciplinary counsel, filed a complaint charging Alexander with violating Prof.Cond.R. 1.5(e)(2) (prohibiting certain fee divisions), 1.15(a) (requiring segregation of clients' property from a lawyer's), 1.15(a)(2) (requiring a lawyer to keep a record of client funds), 1.15(a)(5) (requiring monthly reconciliation of trust-account funds), and 8.4(h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 2} On August 30, 2011, Alexander entered into stipulations with relator that he had violated the rules as charged. The parties also stipulated to a sanction of a one-year suspension from the practice of law, all stayed upon certain conditions. A panel of the Board of Commissioners on Grievances and Discipline conducted a hearing on the complaint and heard testimony from Alexander. The panel accepted the agreed stipulations, made additional findings of fact and conclusions of law, and recommended imposition of the stipulated sanction, adding two conditions. The board adopted the panel's findings of fact and

conclusions of law and recommended a one-year stayed suspension. The board also purportedly adopted the panel's recommended conditions for the stay but omitted two of the panel's recommended conditions and required an additional hour of continuing legal education ("CLE"). After reviewing the record, we agree that respondent committed professional misconduct as found by the panel and board, but we disagree with the board's recommended sanction. We hereby suspend Alexander's license to practice law for one year, with six months of the suspension stayed upon four conditions.

**Misconduct**

{¶ 3} Since 1993, Alexander has been a solo practitioner whose practice includes general civil litigation in personal injury, domestic relations, and juvenile delinquency. Alexander has maintained an Interest on Lawyers' Trust Accounts account ("IOLTA") with PNC Bank since 2007. He also had a business account with National City Bank from 2007 to 2009 and then with U.S. Bank in 2009. Both business accounts, however, were closed due to overdrafts. During this time, he had no personal checking account.

{¶ 4} Relator and Alexander stipulated that between May 2009 and March 2010, Alexander deposited personal funds into his IOLTA. He also wrote checks against his IOLTA to pay his personal and business expenses, including office and apartment rent, car payments, medication, newspaper, phone services, and Internet and cable-television services. In addition, Alexander permitted his wife to write checks on the IOLTA.

{¶ 5} Moreover, Alexander had not properly maintained a ledger of client funds since 2007. By 2008, he was reconciling his IOLTA only intermittently, until relator contacted him in June 2010 regarding an overdraft.

{¶ 6} In March 2009, Patrice Keith paid Alexander $500 to represent her in a matter in juvenile court. Even though Alexander and attorney Stanley Tolliver never practiced in the same firm, Tolliver attended the initial hearings,

and Alexander attended the final one. Alexander then shared with Tolliver $200 of the $500 fee from Keith pursuant to an oral agreement between the two attorneys. While Alexander testified that Keith was aware that he was going to take over the case from Tolliver, Alexander acknowledged that he never received written consent from Keith to split the fee with a lawyer not in the same firm.

{¶ 7} We agree that the above conduct, as stipulated by the parties and found by the panel and the board, violated Prof.Cond.R. 1.5(e)(2), 1.15(a), 1.15(a)(2), 1.15(a)(5), and 8.4(h).

### Sanction

{¶ 8} When imposing sanctions, we consider the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *Disciplinary Counsel v. Johnston,* 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892, ¶ 11. The parties stipulated that Alexander's lack of a disciplinary record and cooperative attitude during the disciplinary proceedings are mitigating factors. BCGD Proc.Reg. 10(B)(a) and (d). Furthermore, the board commented that respondent was not charged with misappropriation of client funds or causing injury to clients. Respondent, however, admitted that there were client funds in the IOLTA during the time he used the account for personal expenses.

{¶ 9} Although the parties did not stipulate to any aggravating factors, the board found two. First, Alexander paid the 2011/2013 biennial attorney-registration fee late, and at the time of the panel hearing, he had not been in good standing with the Supreme Court of Ohio for failure to pay the penalty for noncompliance with CLE reporting requirements. Second, Alexander has failed to pay a bank overdraft charge of $175. The board further noted that while he displayed an altruistic nature in serving a poor and working-class clientele, Alexander engaged in a disturbing pattern of misconduct, which placed him "in a precarious situation, both economically and professionally."

**{¶ 10}** The parties stipulated to a one-year suspension from the practice of law, stayed upon the conditions that Alexander (1) complete five hours of continuing legal education ("CLE") on law-office management and IOLTA maintenance, (2) complete one year of probation that includes the monitoring of Alexander's IOLTA by an attorney approved by relator, and (3) commit no further misconduct. The panel agreed that a one-year suspension was appropriate but recommended that Alexander also (1) pay restitution of $175 to PNC Bank and (2) comply with Ohio attorney-registration and CLE requirements, including immediate payment of penalties, which would restore him to good standing with the court. The penalties have now been paid, and Alexander is up to date on all his reporting requirements and fees.

**{¶ 11}** The board recommended a one-year stayed suspension from the practice of law in Ohio, but recommended completion of six hours of CLE, completion of one year of monitored probation, and commission of no further misconduct. The board appears to have relied on *Johnston*, 121 Ohio St.3d 403, 2009-Ohio-1432, 904 N.E.2d 892, ¶ 15-16 (imposing a one-year stayed license suspension for misuse of an IOLTA), and *Disciplinary Counsel v. Doellman*, 127 Ohio St.3d 411, 2010-Ohio-5990, 940 N.E.2d 928, ¶ 54-56 (same).

**{¶ 12}** Having considered Alexander's misconduct, the aggravating and mitigating factors listed in BCGD Proc.Reg. 10, and the sanctions we have imposed for similar misconduct, we impose a license suspension of one year, with six months stayed on conditions. As we have previously stated,

> "The mishandling of clients' funds either by way of conversion, commingling, or just poor management, encompasses an area of the gravest concern of this court in reviewing claimed attorney misconduct." *Columbus Bar Assn. v. Thompson* (1982), 69 Ohio St.2d 667, 669, 23 O.O.3d 541, 433 N.E.2d 602. We have

previously held that it is "of the utmost importance that attorneys maintain their personal and office accounts separate from their clients' accounts and that the violation of that rule warrants a substantial sanction whether or not the client has been harmed." *Erie-Huron Counties Joint Certified Grievance Comm. v. Miles* (1996), 76 Ohio St.3d 574, 577, 669 N.E.2d 831.

*Disciplinary Counsel v. Freeman,* 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 19.

{¶ 13} In *Cincinnati Bar Assn. v. Hauck*, 129 Ohio St.3d 209, 2011-Ohio-3281, 951 N.E.2d 83, the respondent commingled his personal and business funds with client funds in his IOLTA to avoid tax garnishments and also failed to maintain adequate records of client funds in his possession. *Id*. at ¶ 4, 6. In addition, the respondent failed to inform his clients that he had ceased carrying professional-malpractice insurance. We determined that this conduct warranted a 12-month suspension with six months stayed.

{¶ 14} When we consider Alexander's prolonged misuse of his IOLTA, his failure to keep adequate records of client funds in his possession, and his improper fee-splitting, we believe that respondent has displayed a general disregard of the rules of professional conduct, which warrants an actual suspension.

{¶ 15} Accordingly, James Alexander Jr. is hereby suspended from the practice of law for one year, with six months of the suspension stayed on the following conditions: (1) completion of six hours of CLE on law-office management and IOLTA maintenance along with all other CLE requirements, (2) completion of one year of probation upon reinstatement that includes the monitoring of Alexander's IOLTA by an attorney approved by relator, (3) payment of restitution of $175 to PNC Bank, and (4) commission of no further

misconduct. If Alexander fails to comply with the conditions, the stay will be lifted, and he will serve the entire one-year suspension. Costs are taxed to Alexander.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Philip A. King, Assistant Disciplinary Counsel, for relator.

Gary Cook, for respondent.

_____